UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICHARD ALLEN MITCHELL,    )
                           )
            Plaintiff,     )
                           )    CAUSE NO. 3:12-CV-600 RM
        v.                 )
                           )
DANIEL HAMPTON, *et al.*,  )
                           )
            Defendants.    )

OPINION AND ORDER

Richard Allen Mitchell, a *pro se* prisoner, filed a vague complaint alleging that Indiana's due process protections for obtaining post-conviction DNA testing are inadequate. Specifically, he alleges that Indiana Code 35-38-7-1 *et seq.*, is "inadequate for seeking relief." ECF 1 at 9. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic v. Twombly, 550 U.S. at 556). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic v. Twombly, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the

mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" Ashcroft v. Iqbal at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Mr. Mitchell's complaint provides no information about why Mr. Mitchell believes that the Indiana statute deprives him of due process. In Skinner v. Switzer, 562 U.S. ___, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011), the Supreme Court recognized that § 1983 is a proper vehicle for challenging the constitutionality of state DNA testing procedures, but Skinner did not alter the holding in District Attorney's Office v. Osborne, 557 U.S. 52 (2009), that a § 1983 case could not be used to merely evade state procedures for obtaining DNA testing. Skinner v. Switzer, 131 S. Ct. at 1293 ("[T]he Court's decision in Osborne severely limits the federal action a state prisoner may bring for DNA testing. Osborne rejected the extension of substantive due process to this area, and left slim room for the prisoner to show that the governing state law denies him procedural due process.") So, though it is possible to state a claim in a § 1983 case based on an allegation that the Indiana DNA testing statute is unconstitutional, Mr. Mitchell hasn't done so in this complaint.

Moreover, he provides no explanation as to what injury he might suffer if the state post-conviction proceeding is not stayed. "The *Younger* Doctrine, which counsels federal-court abstention when there is a pending state proceeding, reflects a strong policy

against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff." Moore v. Sims, 442 U.S. 415, 423 (1979). Mr. Mitchell must explain what injury he believes might occur if the state proceeding is not stayed.

For the foregoing reasons, the court:

(1) STRIKES the complaint (ECF 1);

(2) DIRECTS the clerk to place this cause number on a blank 42 U.S.C. § 1983 Complaint and send it to Richard Allen Mitchell along with a copy of this order;

(3) GRANTS Richard Allen Mitchell until December 6, 2012, to file an amended complaint.

If Mr. Mitchell does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED.

ENTERED: October  31 , 2012     /s/ Robert L. Miller, Jr.
                                Judge
                                United States District Court