UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICHARD ALLEN MITCHELL, )
)
      Plaintiff, )
) CAUSE NO. 3:12-CV-600 RM
  v. )
)
DANIEL HAMPTON, *et al.*, )
)
      Defendants. )

OPINION AND ORDER

Richard Allen Mitchell, a *pro se* prisoner, filed an amended complaint alleging that his inability to obtain post-conviction DNA testing pursuant to Indiana Code 35-38-7-1 *et seq.* has violated his procedural due process rights. In this lawsuit, he seeks to stay his state post-conviction proceedings and obtain the DNA testing that he has been denied in that case. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 1915A, the court must dismiss a complaint so construed if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

In Skinner v. Switzer, 562 U.S. ___; 131 S. Ct. 1289; 179 L. Ed. 2d 233 (2011), the Supreme Court recognized the justiciability of a § 1983 claim asserting that a state's DNA testing statute was unconstitutional, but "[f]ederal courts may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided." District Attorney's Office v. Osborne, 557 U.S. 52, 69 (2009). The facts Mr. Mitchell alleges don't demonstrate that Indiana's post-conviction proceedures are inadequate.

Mr. Mitchell has a post-conviction petition pending before the Kosciusko Circuit Court under cause number 43C01-0308-FB-122. He sought and was denied DNA testing. Mr. Mitchell then tried to take an interlocutory appeal, but the Court of Appeals of Indiana declined to accept jurisdiction and the Indiana Supreme Court denied his petition to transfer. The Kosciusko Circuit Court hasn't yet ruled on the merits of his post-conviction relief petition and no appellate court has yet reviewed the merits of his request for DNA testing. The denial of his motion in the trial court was preliminary: his petition is still pending and the trial court might yet reconsider its ruling or grant him post-conviction relief without DNA testing. Moreover, the denial of his interlocutory appeal was procedural: the Indiana appellate courts did not address the merits of his DNA testing claim. Once he has obtained a final judgment in the trial court, then he will be able to present the merits of his DNA testing claim to the Indiana appellate courts. As such, Mr.

Mitchell has not demonstrated a fundamental inadequacy in the Indiana post-conviction process.

For the foregoing reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: December  18 , 2012

                                         /s/ Robert L. Miller, Jr.
                                         Judge
                                         United States District Court